UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JIMMY LEE DAVIS                                                                              PLAINTIFF

VS.                                                       CIVIL ACTION NO. 4:10-CV-00053-DPJ-FKB

K. FLAGG AND                                                                              DEFENDANTS
E. FLUNKER

REPORT AND RECOMMENDATION

This cause comes on this date before the undersigned United States Magistrate Judge, an Order of Reference having been entered herein. The court held an omnibus hearing[1] in this matter, at which time it conferred with Plaintiff and Counsel for Defendant E. Fluker[2] in this suit brought pursuant to 42 U.S.C. § 1983.[3]

Plaintiff, who is housed at the East Mississippi Correctional Facility (EMCF), filed his complaint on March 30, 2010, via the mailbox rule. On the same day, he also filed an application to proceed in forma pauperis in this case. Although Plaintiff has three strikes,[4] the

---

[1] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

[2] Fluker is incorrectly identified as "Flunker" in the complaint. (Docket No. 8). Because, at the omnibus hearing, the Court granted plaintiff's unopposed, oral motion to voluntarily dismiss defendant Fluker, his motion for summary judgment or, alternatively, to revoke ifp status will be denied as moot. The Court reaches its decision that Davis' ifp status should be revoked sua sponte.

[3] While the record reflects that Defendant K. Flagg was served by the United States Marshal (Docket No. 7), he has not yet filed an answer in this case. According to Defendant Fluker's answer, no person named K. Flagg ever worked at the prison. (Docket No. 8). It appears that someone at the prison accepted the summons in error.

[4] Davis received strikes under the Prison Litigation Reform Act in the following cases: Davis v. Mississippi State Penitentiary, Civil Action No. 4:04cv172-P-A (N.D. Miss. Sept. 13, 2004)(dismissed for failure to state a claim upon which relief may be granted); Davis v. Hall, Civil Action 4:05cv161-P-B (N.D. Miss. Dec. 13, 2005) (dismissed for failure to state a claim upon which relief may be granted); Davis v. Casket, Civil Action No. 4:07cv118-JCS (S.D.

court tentatively granted Plaintiff's request to proceed ifp due to his allegations in this case and two other cases[5] filed in close temporal proximity that he was under "imminent danger of serious physical injury." (Docket No. 3). See 28 U.S.C. § 1915(g) (allowing inmate who has three strikes to proceed ifp if he is under "imminent danger of serious physical injury.").

By his complaint, plaintiff alleges the following:

> Beganning on 9-30-2009 I was lied to by C-O Flagg about Offender # 51030 Jimmy Davis of the EMCF would Eligible for a parole date and would receive good time tho I came, to see later that While was under the thought that I was going to be eligible for a parole and good time c-o officer K. Flagg and C-O Flunker was violating my constitutional rights by a assault they perform on me hitting me in my mouth on 3-22-10 and extorting me and my family.

As for relief, the complaint seeks to have criminal charges pursued, $50,000 in damages and a transfer from EMCF. At his April 20, 2011, omnibus hearing, Plaintiff clarified that the essence of his § 1983 claim is that Defendant Flagg has engaged in a scheme to extort money from him and his family by creating false Rule Violation Reports against him and requiring payment in exchange for Flagg agreeing not to prosecute.

As previously stated, due to the fact that Plaintiff filed three complaints in close, temporal proximity and made nonspecific allegations that he was "under imminent danger of

---

Miss. Sept. 16, 2009) (dismissing case for failure to allege a constitutional violation). Additionally, Davis v. Latham, Civil Action No. 4:06CV86-P-A (N.D. July 31, 2006), was dismissed because on his ifp application, Davis forged the signature of the inmate accounts custodian.

[5] On May 1, 2010, via the mailbox rule, Davis filed Davis v. Allen, Civil Action No. 4:10CV84-DPJ-FKB, and on June 1, 2010, Davis filed Davis v. Cotton, 4:10CV96-DPJ-FKB. Davis indicated in both of these complaints that he was under "IMMINENT DANGER." Although both complaints asserted that he had been assaulted in the recent past by either guards or other inmates, neither complaint set forth any explanation of a threat of "imminent danger" existing as of the day that he filed the complaint.

serious physical injury," the Court tentatively allowed Davis to proceed ifp. At the omnibus hearing, the Court took the opportunity to explore the factual basis for Plaintiff's assertion of "imminent danger of serious physical injury." Having now received testimony from Plaintiff on this issue and based on the following, the undersigned recommends that Davis's ifp status be revoked.

The Prison Litigation Reform Act provides, among other things, that a prisoner's privilege to proceed ifp is revoked if they have, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g).[6] The Court must consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. Adepegba v. Hammons, 103 F.3d 383, 386 (5th Cir.1996)(counting as a "strike" a district court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim). As set forth above, Davis has, on not less than three occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Therefore, unless Davis meets the one exception to the "three strikes provision," denial of ifp status is appropriate.

Title 28 U.S.C. § 1915(g) provides a limited exception to the "three-strikes provision,"

---

[6] Specifically, the statute provides:
"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

by which a plaintiff may be permitted to proceed ifp if he is under "imminent danger of serious physical injury." Addressing the exception provision of § 1915(g), the United States Court of Appeals for the Fifth Circuit held that

> [t]he plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.

Banos v. O'Guin, 144 F. 3d 883, 884 (5th Cir. 1998). Clearly, the danger must exist at the time the complaint is filed. Id. "Further, [b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002) (citing Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001)).

Having now received Davis's sworn testimony regarding the factual basis of his asserted "imminent danger," it is clear that his ifp status should be revoked. At the omnibus hearing, the Court asked Davis to explain how Flagg's alleged extortion scheme placed him under imminent danger of serious physical injury on March 30, 2010, the day that he filed his complaint. Davis initially stated that around March 15, 2010, Defendant Flagg had him "jumped by other inmates" because he would not pay her the money that she demanded. A few minutes later in his testimony, Davis also stated that he been assaulted by various correctional officers on March 10, 13, and 17, 2010, on account of Flagg's scheme. Upon further questioning from the Court, Davis explicitly stated he received no further beatings from any other correctional officers after these alleged incidents. Notably, Davis did not relate to the Court any threats or threatening behavior by either Flagg or any of her proxy after these alleged beatings. Because Davis' assertion of "imminent danger" was premised on past harms and not because he faced a

4

credible threat of impending future harm, the undersigned finds that on the day that the complaint was filed, March 30, 2010, Davis was not under "imminent danger of serious physical injury." See Banos, 144 F.3d at 884; King v. Livingston, 212 Fed. Appx. 260, 262 (5th Cir. Dec.11, 2006) (per curiam) (unpublished) (allegations of past attacks by inmates and prison officials which allegedly occurred six weeks before complaint was filed were insufficient to establish imminent danger); Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001) (affirming district court's rejection of claim that having been sprayed with pepper spray one month before filing suit, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger). Accordingly, the undersigned recommends that plaintiff's tentative ifp status be revoked and that the case be dismissed without prejudice. The undersigned further recommends that the Clerk of the Court should be directed to reopen this civil action if the entire filing fee of $350.00 is paid within thirty days from entry of the Court's Order adopting this report and recommendation.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event he desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar them, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile

<u>Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 29th day of June, 2011.


                <u>/s/F. Keith Ball</u>
                UNITED STATES MAGISTRATE JUDGE